IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal No.   5:24-CR-270 (BKS) |
| v. | **STIPULATION AND ORDER FOR CONTINUANCE** |
| **SILVIO FABIAN-ORDONEZ** | |
| **Defendant(s).** | |

William C. Sullivan, Esq., the attorney for Silvio Fabian-Ordonez having moved for an additional continuance of 60 days within which the parties may complete discovery, file motions and prepare for trial in the above-captioned action and Daniel Hanlon, Acting United States Attorney for the Northern District of New York Paul Tuck, Special Assistant U.S. Attorney, appearing, having consented to the continuance and proposed the exclusion of the additional 60-day period of continuance under the Speedy Trial Act, the parties hereby stipulate and agree as follows:

1) The prior proceedings in this case occurred as follows:

   a) Date of initial appearance or arraignment: August 14, 2024

   b) Date of indictment: June 12, 2024

   c) Defendant custody status: In Custody

2) The Court previously ordered the following exclusions under the Speedy Trial Act:

   a) Order dated July 22, 2024 excluded the period between and including June 22, 2024, to September 19, 2024. (Dkt. No. 46)

   b) Order dated September 11, 2024, excluded the period between and including September 11, 2024, to November 9, 2024. (Dkt. No. 60)

   c) Order dated November 12, 2024, excluded the period between and including November 12, 2024, to January 10, 2025. (Dkt. No. 87)

   d) Order dated January 8, 2025, excluded the period between and including January 8, 2025, to March 8, 2025. (Dkt. No. 103)

3) Silvio Fabian-Ordonez has requested the additional continuance based on the following facts and circumstances: The defendant has recently changed counsel and the newly appointed counsel needs time to review the voluminous discovery already produced in this case and that includes video surveillance and financial records. The parties also need time to engage in possible pre-trial negotiations.

4) The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendants in a speedy trial because the delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence (3161(h)(7)(B)(iv)).

5) The parties stipulate and agree that a period of 60 days from the date of the signing of this Order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B).

  The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: <u>March 6, 2025</u>        DANIEL HANLON
                 Acting United States Attorney

            By: <u>*/s/ Paul Tuck*</u>
               Paul Tuck
               Assistant United States Attorney
               Bar Roll No. 520814

_____
William C. Sullivan, Esq.
Attorney for Silvio Fabian-Ordonez
Bar Roll No. 502175

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:24-CR-270 (BKS) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SILVIO FABIAN-ORDONEZ** | ) | |
| | ) | |
| | ) | |
| **Defendant(s).** | ) | |

ORDER

A. The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

1. The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial because this delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

A. A period of 60 days, from the date of the signing of this Order shall be excludable in computing time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) in order to give the parties the reasonable time necessary for effective preparation.

B. Any pretrial motions in this case shall be filed on or before <u>May 12, 2025.</u>

.

C.      The trial in this matter shall begin on July 7, 2025 at 9:30 a.m before Chief United States District Judge Brenda K. Sannes in Syracuse, New York.                                .

IT IS SO ORDERED.

Dated and entered this 7th day of March, 2025.

*Brenda K. Sannes*

Hon. Brenda K. Sannes
Chief United States District Judge