IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No. 5:24-CR-270 (BKS) |
| | ) |
| | ) |
| **v.** | ) **GOVERNMENT'S SENTENCING** |
| | ) **MEMORANDUM** |
| **JOELVIS JOSE RIVAS-SOLORZANO,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a sentence within the defendant's resulting guideline range.

The Government contends that this sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553.

## INTRODUCTION AND FACTUAL BACKGROUND

On November 26, 2024, the defendant entered a plea of guilty to counts 1 through 5 of indictment 5:24-CR-270 (BKS), which charges conspiracy to commit bank larceny, in violation of Title 18, United States Code, Sections 371 and 2113(b)(count 1) and bank larceny in violation of Title 18, United States Code, Section 2113(b)(counts 2-5).

The United States adopts the facts as set forth in the Presentence Investigation Report ("PSR") prepared by the United States Probation Office filed on February 7, 2025 and revised on February 18, 2025. *See* PSR, Dkts. No. 118 and 126.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.  Statutory Maximum Sentences**

The defendant's conviction for conspiracy to commit bank larceny (count 1) subjects him to a statutory maximum term of 5 years imprisonment. 18 U.S.C. §§ 371 and 2113(b). The defendant's conviction for bank larceny (counts 2-5) subjects him to a statutory maximum term of 10 years imprisonment. 18 U.S.C. § 2113(b). The Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3582(b)(2). A special assessment of $100 shall also be imposed for each count of conviction, for a total of $500. 18 U.S.C. § 3013.

2.   **Guidelines Provisions**

   a.   **Base Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction is twenty (20). PSR ¶ 32.

   b.   **Total Offense Level**

The total offense level is fifteen (15). PSR ¶ 41.

   c.   **Acceptance of Responsibility**

The government agrees with the Probation Office's determination that the defendant is entitled to a two-level downward adjustment of the offense level for acceptance of responsibility pursuant to USSG §3E1.1(a). PSR ¶39. The government acknowledges that the defendant timely notified authorities of his intention to plead guilty, thereby permitting the government and Court to allocate their resources efficiently, thus the offense level is reduced one additional level. PSR ¶ 40.

   d.   **Criminal History Category**

According to the PSR, the defendant's criminal history category is I. PSR ¶ 47. The government agrees with this determination.

   e.   **Zero Point Offender**

The defendant appears to meet the criteria at USSG § 4C1.1(a)(1)-(10), and thus his offense level is reduced by two (2) levels. PSR ¶ 38.

### f. Guidelines Range and Sentence

The PSR concludes that the total offense level is fifteen (15) and the defendant's criminal history category is I. PSR ¶ 76. Accordingly, absent any departures, the applicable range under the federal sentencing guidelines is 18-24 months. *Id.*

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment in the guideline range, with a term of 3 years of supervised release to follow. Additionally, the government requests that the Court order the defendant to pay restitution of $418,820 jointly and severally as noted in the PSR. PSR ¶ 91. Restitution is mandatory, and the Court should order restitution for the full amount of the victim's losses caused by the defendant's criminal conduct. 18 U.S.C. §§ 3663A(c)(1)(A)(ii); 3664(f)(1)(A). Finally, the government seeks the entry of a forfeiture money judgment in the amount of $22,7000, as agreed upon by the parties, with respect to counts 2-5. A preliminary order of forfeiture was filed May 15, 2025. Dkt. 157.

The nature and circumstances of the offense and the history and characteristics of the defendant, counsel for the imposition of the sentence requested by the government.

The sentence recommended by the government is appropriate and addresses the nature and circumstances of the offense and the history of the defendant and each of the factors listed in 18 U.S.C. § 3553. Further, the sentence requested by the government would protect the public from further crimes of the defendant. The sentence recommended is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

Dated: May 15, 2025

                                        JOHN A. SARCONE III
                                      United States Attorney

                                        */s/ Tamara B. Thomson*
           By:    Tamara B. Thomson
                   Assistant United States Attorney
                   Bar Roll No. 515310